IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE ZETINA-MENDEZ, 43205-177, | § | |
|     Petitioner, | § | |
| | § | 3:13-CV-4755-B |
| v. | § | 3:11-CR-0166-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

On August 25, 2011, Petitioner pled guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On December 8, 2011, the Court sentenced him to 57 months in prison. On November 27, 2012, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Zetina-Mendez*, 497 Fed. Appx. 425 (5th Cir. 2012).

On December 4, 2013, Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. He argues he was unlawfully denied a third-point-reduction for acceptance of responsibility and that he received ineffective assistance of counsel.

On January 31, 2014, Respondent filed its answer. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II. Discussion

1. **Acceptance of Responsibility**

Petitioner claims he was unlawfully denied a third-point-reduction for acceptance of responsibility. The record shows, however, that Petitioner was awarded all three points for acceptance of responsibility.

Petitioner pled guilty without a plea agreement. The PSR included a two-point reduction for acceptance of responsibility. (PSR ¶ 25). At sentencing, the Court granted the government's motion to award Petitioner a third point for acceptance of responsibility based on a newly-filed sentencing agreement. ( Dec. 8, 2011 Sent. Agreement; Sent. Tr. at 8, 17, 21). Petitioner's claim is without merit and should be denied.

2. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such that prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner states his appellate counsel was ineffective because counsel filed an *Anders* brief on appeal. Petitioner, however, has failed to state what claim or claims his counsel should have raised on appeal. Petitioner's ineffective assistance claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 8th day of September, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).